ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 19, 2007

Mr. Timothy A. Braaten, Executive Director
Texas Commission on Law Enforcement
   Officer Standards and Education
6330 U.S. Highway 290 East, Suite 200
Austin, Texas 78723

Opinion No. GA-0532

Re: Whether an open-enrollment charter school is authorized to operate a commissioned police force (RQ-0531-GA)

Dear Mr. Braaten:

You ask whether an open-enrollment charter school is authorized to operate a commissioned police force.[1]

The Texas Commission on Law Enforcement Officer Standards and Education ("TCLEOSE") is responsible for, among other things, establishing reporting standards and procedures for the appointment and termination of peace officers and reserve law enforcement officers by a law enforcement agency. *See* TEX. OCC. CODE ANN. § 1701.153(a) (Vernon 2004). Under TCLEOSE rules, an "agency" is a "law enforcement unit or other entity, whether public or private, authorized by Texas law to appoint a person licensed or certified by [TCLEOSE]." 37 TEX. ADMIN. CODE § 211.1(a)(5) (2006) (TCLEOSE, Definitions). Such agencies must comply with TCLEOSE's reporting requirements to hire or appoint a licensee. *See id.* § 217.7 (TCLEOSE, Reporting the Appointment and Termination of a Licensee). TCLEOSE may deny or reject an entity's application or report if the entity does not have the authority "to appoint persons in the capacity of the license sought." *Id.* § 217.5(a)(7) (TCLEOSE, Denial and Cancellation).

Section 37.081 of the Education Code authorizes the board of trustees of a school district to commission peace officers and establish a school district police department; thus, such a board may be an agency authorized to appoint a person licensed or certified by TCLEOSE. *See* TEX. EDUC. CODE ANN. § 37.081 (Vernon 2006). You state that in the past, TCLEOSE has likewise recognized open-enrollment charter schools as agencies with authority to appoint TCLEOSE licensed or certified persons. *See* Request Letter, *supra* note 1, at 2. You indicate that TCLEOSE has reconsidered its position after an open-enrollment charter school received legal advice that such a school lacks the legal authority to establish a commissioned police department. *See id.* After

---

[1]*See* Letter from Timothy A. Braaten, Executive Director, Texas Commission on Law Enforcement Officer Standards and Education, to Honorable Greg Abbott, Attorney General of Texas (Sept. 18, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

consulting with several attorneys, TCLEOSE has denied recent applications by open-enrollment charter schools, some of which are appealing the denials. *See id.* at 2–3. Thus, you ask: "Are Open-Enrollment Charter schools authorized by law to operate a commissioned police force like independent school districts?" *Id.* at 3.

Chapter 12 of the Education Code authorizes three different classes of charter schools: home-rule school district charter schools (subchapter B), campus or campus program charter schools (subchapter C), and—the subject of your inquiry—open-enrollment charter schools (subchapter D). *See* TEX. EDUC. CODE ANN. §§ 12.002, .011, .052, .101 (Vernon 2006). The State Board of Education may grant a charter to operate an open-enrollment charter school to a public, private, or independent institution of higher education, "an organization that is exempt from taxation under Section 501(c)(3), Internal Revenue Code of 1986," or "a governmental entity." *Id.* § 12.101(a). The entity receiving approval of its charter is designated as the "charter holder." *Id.* § 12.1012(1).

Open-enrollment charter schools are generally "subject to federal and state laws and rules governing public schools." *Id.* § 12.103(a). However, the Education Code and rules adopted under that code apply "only to the extent the applicability to an open-enrollment charter school . . . *is specifically provided.*" *Id.* § 12.103(b) (emphasis added).

We have found no statute specifically providing that an open-enrollment charter school has authority to commission or appoint peace officers. Section 12.104(b) of the Education Code lists several provisions that specifically apply to open-enrollment charter schools. *See id.* § 12.104(b). While this list includes one provision from Education Code chapter 37 ("Discipline; Law and Order"), the list does not include section 37.081, which authorizes school district police departments. *See id.* §§ 12.104(b)(2)(J), 37.081. Section 37.081 in particular does not expressly authorize open-enrollment charter schools to commission or appoint peace officers. Rather, section 37.081 expressly states only that "[t]he *board of trustees of any school district* may employ security personnel and may commission peace officers to carry out this subchapter." *See id.* § 37.081(a) (emphasis added). And while other provisions throughout the Education Code specifically state that they apply to open-enrollment charter schools, none are pertinent to your inquiry. *See, e.g., id.* §§ 7.003 (reserving educational functions not delegated to the Texas Education Agency or to the State Board of Education to independent school districts and open-enrollment charter schools), 37.007(e) (requiring open-enrollment charter school to expel a student who brings a firearm to school), *id.* § 39.114(c) (Vernon Supp. 2006) (authorizing open-enrollment charter schools to receive a certain high school allotment "in the same manner as a school district").

Section 12.104(a) states that an open-enrollment charter school possesses "the powers granted to schools under [Education Code, title 2]." *Id.* § 12.104(a) (Vernon 2006). While section 12.104(a) grants open-enrollment charter schools "the powers granted to *schools*," section 37.081 grants a school district's board of trustees—not a school—the authority to create a police department. *Id.* (emphasis added); *see id.* § 37.081. By contrast, the analogous provision for home-rule school district charter schools states that a "home-rule school district has the powers and entitlements granted to school districts and *school district boards of trustees* under this title, including taxing authority." *Id.* § 12.013(a) (Vernon Supp. 2006) (emphasis added). We believe that

had the Legislature intended an open-enrollment charter school to have all the powers of school districts or school district boards of trustees, it would have said so in section 12.104(a) as it did in section 12.013(a) for home-rule school district charter schools.

Of course, other statutes may authorize certain charter holders such as institutions of higher education to commission peace officers. *See id.* § 51.203 (Vernon 2006). And an open-enrollment charter school may receive the services of a peace officer of a political subdivision. *See id.* § 25.090(b) (providing that if an open-enrollment charter school's governing body does not select an attendance officer, "peace officers of the county in which the school is located" are to perform the duties of an attendance officer); TEX. OCC. CODE ANN. § 1701.601(1) (Vernon 2004) (defining "school resource officer" as "a peace officer who is assigned by the officer's employing political subdivision to provide . . . a police presence at a public school"). Finally, we do not suggest that the Education Code denies a charter holder of an open-enrollment charter school any right it otherwise has to employ security personnel. But to answer your question, neither section 37.081 nor any other statute authorizes an open-enrollment charter school to operate or maintain a commissioned police force.

## S U M M A R Y

The Education Code does not authorize an open-enrollment charter school to operate or maintain a commissioned police force.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee